Judge Birch
delivered the opinion of the court.
Eby, assignee of Stout, sued Griffith on a note for $379 28, being the last payment on a contract for the purchase of a quarter section of land, upon which was laid out an addition to the town of Hannibal, from which contract and sale, however, certain lots and parcels of land previously sold and disposed of were reserved. It was in evidence that during the negotiation between the parties, the vendor (Stout) represented that he owned all the town tract except the portions designated in the plat j *520 whereas a subsequent survey demonstrated thefa'Ct to be that one of the reservations,'supposed to be exclusively'within the country portion of the tract, and not marked on the town plat, cut into it 2 23-100 of an acre. It appears, however, that the parties were upon the ground together; that the Reservation alluded to Was enclosed, and its locality as well as its area thus known to the purchaser. He did not, therefore, bargain for any land which he did not get, and with the localities of which his senses were not satisfied.
As to the óonílict of the line'of thé reservation with the outer block of the addition to the town, whether the representation of the vendor was made in mistake, from a miscalculation of the extensions of the different surveys, both of which were before the parties during the negotiations i or, if not, whether the representation to the effect that they did not conflict, was so falsely and fraudulently made as to render the vendor liable as for a deceit, should have been left to the jury under proper instructions from the court. The rule is, that such means must have been used by the vendor as were likely to impose on a person of ordinary prudence and circumspection, by throwing him off his guard on a point where he might reasonably place confidence in the representation made to him, and which resulted to his damage. No such instructions having been asked or given, the one somewhat analagous to it which was given being susceptible of a construction which might imply the disregard of legal fraud when actually found to exist. The judgment of the court of common pleas is reversed and the cause -remanded-.